# In the United States Court of Federal Claims

|  |  |
|---|---|
| CENTER FOR RURAL AFFAIRS,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*. | No. 26-894<br>(Filed: June 23, 2026) |

**STANDING ORDER GOVERNING CASES BEFORE JUDGE CAROLYN N. LERNER**

These Standing Chambers Rules apply to cases assigned to Judge Carolyn N. Lerner. References herein to "Parties" include counsel. Parties should familiarize themselves and comply with the following rules:

## 1. Local Rules

Absent a contrary order by the Court, Parties shall comply with the Rules of the United States Court of Federal Claims ("RCFC"). The rules are available at: https://www.uscfc.uscourts.gov/rules.

## 2. Communications with Chambers

Except in case of emergency or when requested by the Court, Parties may not contact Chambers by telephone. Parties may contact Chambers regarding scheduling inquiries via email at Lerner_Chambers@cfc.uscourts.gov. All Parties must be copied on the email. Chambers staff will not discuss the merits of any case or provide legal advice of any kind. Correspondence between Parties shall not be provided to Chambers except as specifically directed by the Court.

## 3. Sealed Documents

If the Court has not issued a protective order or unless otherwise authorized by the Rules of the Court of Federal Claims, Parties must file a motion for leave to file a pleading or brief under seal. Parties shall file the pleading or brief at the same time as its Motion as a separate docket entry under seal. Within fourteen (14) days of the Court granting the party's motion, Parties must file their agreed-upon redacted version on the public docket and file under seal a version of the redacted document with all redactions highlighted. If Parties cannot agree on redactions, the objecting party may submit the matter to the Court for resolution.

If the Court has issued a protective order, Parties may file a sealed pleading or brief without filing a motion.  However, Parties must still file a redacted version of the pleading along with a sealed version of the redacted document(s) with all redactions highlighted within fourteen (14) days of filing any sealed pleading or brief.

Parties need not file redacted versions of an administrative record or sealed attachments to a pleading or brief.  This standing rule applies to complaints, answers, and briefs.  Counsel who wish to share a copy of a sealed transcript with their client must coordinate with opposing counsel to propose appropriate redactions in accordance with this rule.

### 4. Amended Pleadings

Any amended pleadings shall be accompanied by a redline comparison of the original and amended pleading.  ECF users should upload the redlined comparison as an attachment to the amended pleading.  This requirement does not apply to pleadings by pro se parties.

### 5. Initial Scheduling Conference & Joint Preliminary Status Report

**Within thirty (30) days** of Defendant's Answer, Parties must meet and confer to discuss each of the matters set forth in RCFC Appendix A, Rule 4 and file a joint preliminary status report complying with that rule.

### 6. Motions for Extension of Time

#### a. Generally

Motions for extensions of time are *strongly* discouraged.  Any such motion should be filed at least two (2) business days prior to the deadline and conform with RCFC 6(b)(1)'s requirements.  Extensions or enlargements of time will only be granted upon motion and good cause shown—not upon stipulation of Parties.  Motions filed within two (2) business days of a deadline will only be granted based on *extraordinary* circumstances (e.g., circumstances unforeseeable to the party prior to the filing of the motion).  Parties are advised that the Court may issue a show cause order for sanctions for any missed deadline.

#### b. Content

Motions for extensions of time must include the following:

1. The date of the original deadline the motion is seeking to extend;

2. The number of previous extensions of time granted to each Party during the litigation;

3. The good cause or extraordinary circumstances supporting the motion;

4. The effect, if any, that the granting of the motion will have on existing deadlines;

5.  For requests seeking to extend the deadline of a motion, suggested deadlines (reached in consultation with the Opposing Party) for the filing of any memoranda in opposition and replies;

6.  A statement fairly characterizing the Opposing Party's position on the motion, including any reasons given for refusing consent.  *See* RCFC 6(b)(1).

## 7. Proposed Orders

When Parties submit an unopposed motion on a procedural issue (e.g., motions for enlargements of time, motions to amend the schedule, or a motion to remand), they should submit a proposed order for their request.  Proposed orders submitted by an ECF user shall be filed as an attachment to the motion.

Parties shall use the format and style imposed by the RCFCs.  *See generally* RCFC 5.5(c).  A proposed order should be unsigned and include a heading with the Court title, a boxed case caption, case number, and proposed filing date.  Parties' accompanying motion and proposed order should both state that they are unopposed.

Pro se parties need not comply with this rule.

## 8. Disclosure of Use of Generative Artificial Intelligence

If a lawyer believes their client is best served by using generative artificial intelligence ("AI"), the lawyer is cautioned that certain technologies may produce factually or legally inaccurate content.  AI is a computer tool that generates new content (such as images or text) in response to a submitted prompt or query.  Examples of AI include ChatGPT, Google Gemini, Microsoft Copilot, or Westlaw Edge AI.

If a lawyer chooses to employ this technology, they continue to be bound by RCFC 11 and all other applicable standards of practice.  *See also* DC Bar Ethics Opinion 388: Attorneys' Use of Generative Artificial Intelligence in Client Matters.  Lawyers must review and verify any AI-generated content, including case and other legal citations, to ensure it complies with all such standards.  To that end:

1.  A brief drafted using generative artificial intelligence must disclose this fact on the first page under the heading "Use of Generative Artificial Intelligence."  Parties must disclose the specific parts drafted using AI and which tools were utilized.

2.  The use of AI for research and preparation does not require disclosure under this rule.

3.  Parties who file a brief that does not contain the disclosure required by this rule certify that no part of the brief was drafted using generative artificial intelligence.

### 9. Discovery Disputes

Before involving the Court in a discovery dispute, Parties shall make a good faith effort to resolve or narrow all areas of disagreement.  If Parties are unable to resolve the dispute, they shall contact chambers at Lerner_Chambers@cfc.uscourts.gov to request a telephonic or virtual conference before filing a motion to compel.  Parties shall jointly submit a letter of no more than five (5) pages summarizing the dispute to Lerner_Chambers@cfc.uscourts.gov.

### 10. Administrative Record and Joint Appendix

When using a file sharing platform (e.g., JEFS or Box) to file the administrative record, the government shall send an invite to CFC_File_Share@cfc.uscourts.gov.  Counsel is reminded that in addition to file-sharing the administrative record, the complete administrative record must also be filed with the clerk, along with a notice of filing, either via the court's electronic-filing system or via a portable storage disc or drive.  *See* RCFC Appendix C, ¶ 28.

For procurement protest cases, Parties shall submit a joint appendix in accordance with the rules prescribed by RCFC's Appendix C (Procedure in Procurement Protest Cases Pursuant to 28 U.S.C. § 1491(b)).

For all other cases, Parties shall submit a joint appendix to a motion for summary judgment, a motion for judgment on the administrative record, or any post-trial briefing.  The joint appendix shall be filed in ECF within two weeks of the reply brief being filed and, if the court requests hard copies, also printed double-sided and compiled in hard copy volumes (e.g., bound or in binders).  The joint appendix shall consist of:

1. An index identifying the administrative record documents cited in any of Parties' respective briefs;

2. A compilation of the cited administrative record pages, including sufficient surrounding pages to provide context for a cited excerpt; and

3. Copies of any key documents at issue, included in their entirety (e.g., agency officer or board decisions).

If the administrative record pages are not already numbered (for example, beginning with the designation "AR"), each page of the joint appendix shall be given a unique number, prefaced with "JA."  The pages must appear in numerical order.  Omission of pages need not be noted (e.g., page JA102 may be followed by page JA230 without stating that pages JA103-229 are not reproduced).

### 11. Specific Procedures in Military Pay Cases

In military pay cases, at least seven days before filing the administrative record, Parties must confer to identify any agency-specific rules, instructions, policies, and regulations relevant to the issues before the Court in accordance with RCFC's Appendix K, Rules 6(d) and

7. The United States shall file the rules appendix on the same date it files the administrative record. *See* RCFC Appendix K, Rule 7.

**12. Opportunities for Junior Lawyers**

The Court supports the development of the next generation of trial lawyers. Parties and senior counsel are encouraged to give newer practitioners the opportunity to argue in court. When requesting oral argument, counsel should advise the Court that a junior lawyer would argue. For the purposes of this rule, a junior lawyer has less than six (6) years of post-law school legal experience. When deciding whether to hold oral arguments, the Court will favorably consider that a junior lawyer would argue.

**IT IS SO ORDERED.**

    s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge